UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DELMAR EUGENE COX                                CIVIL ACTION

VERSUS                                           NO: 10-1596

BURL CAIN, WARDEN, LSP                           SECTION: R(1)

## ORDER

    Before the Court are Delmar Cox's petition for a writ of habeas corpus[1] and his objection[2] to the Magistrate Judge's Report and Recommendation that the petition be denied with prejudice.[3] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

---

[1] (R. Doc. 1.)

[2] (R. Doc. 16.)

[3] (R. Doc. 15.)

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336.

Here, Cox has not made a substantial showing of the denial of a constitutional right. The Magistrate Judge's Report and Recommendation clearly and correctly disposes of each of Cox's claims. First, Cox claims ineffective assistance of his trial counsel for failing to object to the testimony of Detective Randy

Henigan, failing to investigate the crime scene or to request funds for expert witnesses, and failing to object when the jurors were not charged on the responsive verdict of negligent homicide. But the state court's denial of this claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As the Magistrate Judge sets out in detail, trial counsel's tactical decisions were adequately explained and should not be second-guessed based on hindsight. Nor has Cox demonstrated that he was prejudiced by any deficiencies in his trial counsel's performance.

Second, Cox claims that his appellate counsel was ineffective. As the Magistrate Judge explains, however, Cox offers no explanation whatsoever for his claim, and "[c]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (affirming the district court's denial of habeas petition because petitioner's allegations of deficient performance were conclusory and because he had failed to make any specific demonstration of prejudice as a result of counsel's deficient performance).

Finally, Cox claims that his petition should be granted because he is not guilty of the crime of which he was convicted. Yet, the Supreme Court has been clear that, at least for non-capital cases, claims of actual innocence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *id.* at 417 (assuming, "for the sake of argument, that *in a capital case* a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim") (emphasis added). Instead, actual innocence is only relevant to avoid procedural default of another, independent constitutional claim. *Id.* at 404. Put differently, it is a "gateway through which a habeas petition must pass to have [an] otherwise barred constitutional claim considered on the merits." *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998) (quoting *Herrera*, 506 U.S. at 404); *see also Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (distinguishing the novel constitutional claim based on actual innocence asserted in *Herrera* from a claim of actual innocence that can, in a "narrow class of cases," excuse procedural default). Because Cox does not assert his actual

4

innocence as a means to reach an independent constitutional claim, it cannot serve as a basis for federal habeas relief. Jurists of reason would not find controversy in these determinations.

Accordingly,

Delmar Cox's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 9th day of March, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE